UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNELL HARRIS,

              Plaintiff,

v.                                                                    9:07-CV-0772
                                                                      (FJS/GHL)
S. THOMPSON, Sergeant, Upstate C.F.;
PERRY, Corr. Officer, Upstate C.F.;
BUCKLEY, Corr. Officer, Upstate C.F.;
R. MacWILLIAMS, Corr. Officer, Upstate C.F.;
T. CHARLAND, Corr. Officer, Upstate C.F.;

              Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

DONNELL HARRIS, 05-R-2325
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO                                        JAMES B. McGOWAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
The Capitol
New York, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Generally, in his Complaint, Donnell Harris ("Plaintiff") alleges

that five employees of the New York State Department of Correctional Services ("Defendants")

violated his rights under the Eighth Amendment when, on May 10, 2007, at Upstate Correctional

Facility, they sprayed noxious chemical gas into his prison cell and then refused to provide him

with medical care for three days.  (*See* Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)  Currently pending before

the Court is Defendants' motion to dismiss for failure to comply with the procedural rules and an

Order of the Court, pursuant to Fed. R. Civ. P. 41(b).  (Dkt. No. 22.)  Plaintiff has not opposed

the motion.  For the reasons set forth below, I recommend that Defendants' motion be granted.

## I.     RELEVANT PROCEDURAL BACKGROUND

On August 6, 2007, I issued an Order that, *inter alia*, required Plaintiff to "**promptly**

**notify the Clerk's Office and all parties or their counsel of any change in [his] address; his**

**failure to do so will result in the dismissal of this action**."  (Dkt. No. 4, at 4 [emphasis in

original].)

On December 14, 2007, I issued a Scheduling Order that, *inter alia*, required Plaintiff to

(1) "complete[] . . . [discovery] by **June 30, 2008**," and (2) "respond **promptly** to discovery

requests [from Defendants] and otherwise comply with Rules 26 through 37 of the Federal Rules

of Civil Procedure."  (Dkt. No. 19, at 2 [emphasis in original].)

However, when Defendant Perry attempted to serve Plaintiff with his Answer on or about

December 13, 2007, his Answer was returned to Defendant Perry as undeliverable in an envelope

bearing the notation, "Discharged."  (Dkt. No. 22, Part 2, ¶ 7 [McGowan Decl.]; Dkt. No. 18

[Perry Answer].)

Similarly, when the Court attempted to mail its Scheduling Order to Plaintiff on

December 20, 2007, the Scheduling Order was returned to the Court as undeliverable in an

envelope bearing the notation, "Discharged."  (Dkt. No. 20, at 8.)

## II.    RELEVANT LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court.  *Id*.

With regard to the second ground for dismissal (a failure to comply with the Court's procedural rules or Order), it should be noted that the term "these rules" in Fed. R. Civ. P. 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for a district court (since Fed. R. Civ. P. 83[a][1] expressly authorizes district courts to adopt local rules of practice).[1]  It should also be noted that Local Rule 10.1(b) of the Local Rules of

---

[1]        *See*, *e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's Local Rule 10.1[b][2]); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.,* 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules."); *Hewitt v. Romeo-Rim, Inc.*, 05-CV-40236, 2006 U.S. Dist. LEXIS 90803, at *2 (E.D. Mich. Nov. 14, 2006) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rule requiring response to motion); *Chillis v. U.S. Postal Off.*, 01-CV-0913, 2001 U.S. Dist. LEXIS 18133, at *3 (N.D. Tex. Nov. 5, 2001) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local Rule 83.13); *Shough v. Coyle*, 00-CV-0237, 2000 U.S. Dist. LEXIS 21796, at *4 (D. Colo. Aug. 10, 2000) dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local Rule 5.1[L]).

3

Practice for this Court expressly provides that "**All . . . pro se litigants must immediately notify the Court of any change of address**."  N.D.N.Y. L.R. 10.1(b) [emphasis in original].

As for the legal standard governing a dismissal for a failure to comply with the Court's procedural rules or a Court Order, "[d]ismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the court [or the procedural rules of the court] is a matter committed to the discretion of the district court."[2]  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[3]

As a general rule, no single one of these five factors is dispositive.[4]

## III.   ANALYSIS

With regard to the first of the five factors described above, I find that the duration of Plaintiff's failure to comply with my Order of August 6, 2007, and with Local Rule 10.1(b), both of which required that Plaintiff promptly notify the Clerk's Office of any change in his address, is

---

[2]      *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

[3]      *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

[4]      *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

at least nine months in length.[5]  Specifically, I find that this failure began, *at the latest*, on

December 20, 2007, when (1) the Court's Scheduling Order was returned to the Court as

undeliverable in an envelope bearing the notation, "Discharged," and (2) Defendant Perry's

Answer had also been returned to him as undeliverable in an envelope bearing the notation,

"Discharged."  (Dkt. No. 20, at 8; Dkt. No. 22, Part 2, ¶ 7 [McGowan Decl.]; Dkt. No. 18 [Perry

Answer].)  Generally, durations of this length in time–nine months–are sufficient to weigh in

favor of dismissal.[6]  As a result, I find that the first factor weighs in favor of dismissal of

Plaintiff's Complaint.

    With regard to the second factor, I find that Plaintiff has repeatedly received adequate

notice that failing to comply with the above-described directive would result in dismissal.  (*See*

---

[5]    I note that, to the extent that Defendants argue that Plaintiff has also violated my
Scheduling Order of December 14, 2007 (by not completing discovery by June 30, 2008, and not
promptly responding to Defendants' discovery requests), I have some trouble accepting that
argument.  Technically, Plaintiff could be deemed to have "completed" his discovery of
Defendants by June 30, 2008, if he intended to waive his right to such discovery.  In addition,
Defendants have adduced no evidence that they *sought* to obtain discovery from Plaintiff.
Granted, such an attempt would have been futile.  However, they could have adduced evidence as
to precisely what discovery they would have conducted of Plaintiff if they had known his current
address.  Since they have not done so, I would have trouble finding that Plaintiff violated my
Scheduling Order of December 14, 2007.  In any event, I need not address this thorny issue since
I find that Plaintiff violated my Order of August 6, 2007, and Local Rule 10.1(b).

[6]    *See Hayes v. Brown,* 04-CV-2342, 2006 WL 2009084, at *2 (E.D.N.Y. July 17,
2006) (nine months); *McNamee v. Schoharie County Jail*, 06-CV-1364, 2008 WL 686796, at *11
(N.D.N.Y. March 10, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (eight
months); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 78442, at *5-6 (N.D.N.Y. March 6, 2007)
(Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Bhalla v. JP
Morgan Chase & Co.*, 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (eight
months); *Coleman v. Doe*, 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006)
(seven months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four
months); N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be
presumptive evidence of lack of prosecution.").

Dkt. No. 4, at 4 [Order of Aug. 6, 2007, stating, *inter alia*, that "**[Plaintiff's] failure to [notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action]**"] [emphasis in original]; N.D.N.Y. L.R. 41.2[b] [stating, "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action"].)[7]  *See also* U.S. District Court for the N.D.N.Y. *Pro Se* Handbook, at 43, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited Sept. 23, 2008].[8]  *See also* Fed. R. Civ. P. 16(f)(1)(C).  As a result, I find that the second favor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the third factor, I find, based on the current record, that Defendants are likely to be prejudiced by further delay in the proceedings.  Defendants have been unable conduct discovery of Plaintiff for some nine months.  (*See* Dkt. No. 22, Part 2, ¶¶ 4-, 5, 8 [McGowan Decl.].)  Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence.[9]  As a result, I find that the third favor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the fourth factor, I find that, under the circumstances, the need to alleviate

---

[7]   I note that, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's Local Rules of Practice.

[8]   I note that, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has also provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Handbook.

[9]   *See, e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

congestion on the Court's docket[10] outweighs Plaintiff's right to receive a further chance to be heard in this case.  I am fully aware of Plaintiff's right to be heard on the serious civil rights claims he has presented.  However, I am also aware that Plaintiff has already had an opportunity to be heard on those claims for more than fourteen months.  Simply stated, I am unable to afford Plaintiff with further special leniency (as a *pro se* civil rights litigant) without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendants.  Even *pro se* litigants must obey the Court's procedural rules and Orders.[11]  As a result, I find that the fourth favor weighs in favor of the dismissal of Plaintiff's Complaint.

With regard to the fifth factor, I have carefully considered sanctions less drastic than dismissal of Plaintiff's Complaint.  For example, I find that issuing an Order chastising Plaintiff for his dilatory conduct would not be effective due to the failure of that Order to reach Plaintiff (due to his failure to provide the Court with his current address).  Nor do I find that simply

---

[10]     I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

[11]     *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences.").

waiting for Plaintiff to resurface would be fruitful, since he has failed to do so for some ninth

months now.  As a result, I find that the fifth favor weighs in favor of the dismissal of Plaintiff's

Complaint.

Weighing these five factors together, I conclude that they tip the scales decidedly in favor

of dismissing Plaintiff's Complaint.  For this reason, I recommend that the Court grant

Defendants' motion to dismiss for failure to comply with the procedural rules and Orders of the

Court, pursuant to Fed. R. Civ. P. 41(b).  I note that, on December 5, 2007, United States District

Judge Lawrence E. Kahn issued an Order dismissing another of Plaintiff's *pro se* civil rights

actions on the alternative ground that Plaintiff had failed notify the Court of his change in

address, as he had been required to do.  *See Harris v. Snell*, 07-CV-0358, Decision and Order, at

1-2 (N.D.N.Y. filed Dec. 5, 2007) (Kahn, J.).

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that the Court **GRANT** Defendants' motion to dismiss for failure to

comply with the procedural rules and an Order of the Court, pursuant to Fed. R. Civ. P. 41(b)

(Dkt. No. 22).

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk**

**of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS**

**from the date of this Report-Recommendation (unless the third calendar day is a legal**

**holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to**

**consider arguments, case law and/or evidentiary material that could have been, but were**

not, presented to the Magistrate Judge in the first instance.[12]

BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 26, 2008
      Syracuse, New York

_George H. Lowe_
George H. Lowe
United States Magistrate Judge

---

[12]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].